UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMAJIO JEROME ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-CV-1575 JD |
| | ) |
| SERGEANT MYERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Demajio Jerome Ellis, a *pro se* prisoner, filed a complaint which provides a narrative of events which occurred at the Westville Correctional Facility on November 21 and 22, 2013. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Based on the narration provided, Ellis has stated several claims. He alleges that Sergeant Myers, Sergeant Sexton, and Officer Backus placed him in a freezing cold cell in only his boxer shorts from approximately noon to 3:00 p.m. on November 22, 2013. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure

of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Though the exact temperature in the room is not known, giving Ellis the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has plausibly alleged that it was so cold that his placement there (even though for only three hours) was sufficiently painful to violate the Eighth Amendment.

Ellis alleges that when he was removed from the freezing cell at about 3:00 p.m., Sergeant Myers and Sergeant Sexton slammed his head into a wall and struck him with their elbows and knees. He alleges that Sergeant Myers over tightened his handcuffs and leg irons. He alleges that Officer Backus kicked him. It is unclear what Ellis was doing and whether the defendants were responding to his disruptive behavior. Nevertheless, even "[w]here a prison security measure is undertaken to resolve a disturbance . . . we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (quotation marks and citation omitted). Here, Ellis has plausibly alleged that Sergeant Myers, Sergeant Sexton, and Officer Backus used excessive force against him in violation of the Eighth Amendment.

Ellis alleges that after he had been secured in his cell for about 30 minutes, Nurse Lukac questioned him about his injuries, but did not provide him any medical treatment for them. He alleges that Nurse Lukac falsely claimed that he refused treatment. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards,

2

as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Though Ellis does not clearly describe what injuries he had or what treatment he needed, he has plausibly alleged that Nurse Lukac lied about his refusal of medical treatment to avoid providing him with needed medical care in violation of the Eighth Amendment.

These are the claims on which Ellis may proceed. However that are two other defendants listed against whom he may not proceed. The only allegation made about Nurse Moore is that she did not ask him about his injuries. Standing alone, this is simply insufficient to state a claim against her. The complaint gives no indication why she would have any reason to have done so. Even if she had been in the area, he was already being seen by Nurse Lukac. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). As for Lt. Cain, Ellis makes no mention of his having done (or not done) anything. There is simply no mention of him other than the inclusion of his name in the list of defendants. Therefore both Nurse Moore and Lt. Cain will be dismissed.

Finally, Ellis has described a number of other events in his narrative which do not state claims and it is unclear that he was trying to do so. Rather it appears that he was merely providing a more complete description of the events which occurred on that day. For example, he describes various rude comments that were made to him. However, "simple verbal harassment does not

constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). He also describes the "trip gear" restraints as a "dog leash" which could have caused him to fall and be injured. However, he did not fall and was not injured. "To state a claim premised on prison officials' failure to protect him from harm, [the plaintiff] must allege that the defendants knew of and disregarded an excessive risk to his health and safety. The question of the defendants' culpability is subjective, but the risk is evaluated on an objective basis – the allegedly dangerous prison condition must deprive an inmate of the minimal civilized measure of life's necessities." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citation omitted). "An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). The use of trip gear when moving an inmate is not uncommon. Rather it is an unfortunate security precaution that does not offend contemporary standards of decency.

Finally, Ellis seeks both monetary damages and injunctive relief. Though he will be permitted to proceed on compensatory and punitive damages claims, his requests for injunctive relief are not appropriate. Ellis asks that the court enjoin the defendants from working on his housing unit and from touching his property during the pendency of this litigation. "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008)(quotation marks and citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

4

injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Though Ellis has stated a claim against four defendants, he has not demonstrated that he meets any of the requirements for obtaining a preliminary injunction. In addition, Ellis asks that the court preclude the Indiana Department of Correction (a non-defendant) from placing him in the intake receiving room and to require it to audio and video tape him continuously. However, the State may confine him in any of its prisons or housing units or rooms. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Prison administrators are accorded wide-ranging deference in the adoption and execution of internal policies and practices. *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986). And it is not for federal judges to micro-manage prisons. *See Bruscino v. Carlson*, 854 F.2d 162, 165 (7th Cir. 1988). Therefore the injunctive relief claims will be denied and dismissed.

For the foregoing reasons, the court:

(1) **GRANTS** Demajio Jerome Ellis leave to proceed against Sergeant Myers, Sergeant Sexton, and Officer Backus in their individual capacities for compensatory and punitive damages for placing him in a freezing cold cell wearing only boxer shorts for three hours on November 22, 2013, in violation of the Eighth Amendment;

(2) **GRANTS** Demajio Jerome Ellis leave to proceed against Sergeant Myers, Sergeant Sexton, and Officer Backus in their individual capacities for compensatory and punitive damages for using excessive force against him around 3:00 p.m. on November 22, 2013, in violation of the Eighth Amendment;

(3) **GRANTS** Demajio Jerome Ellis leave to proceed against Nurse Lukac in her individual capacity for compensatory and punitive damages for denying him medical treatment around 3:30 p.m. on November 22, 2013, in violation of the Eighth Amendment;

5

(4) **DISMISSES** all other claims;

(5) **DISMISSES** Nurse Moore and Lt. Cain;

(6) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Sergeant Myers, Sergeant Sexton, Officer Backus, and Nurse Lukac to the United States Marshals Service along with a copy of the complaint and this order;

(7) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sergeant Myers, Sergeant Sexton, Officer Backus, and Nurse Lukac; and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sergeant Myers, Sergeant Sexton, Officer Backus, and Nurse Lukac respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

ENTERED: June 3, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court