UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEMAJIO JEROME ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-CV-1575 JD |
| | ) | |
| SERGEANT MYERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Demajio Jerome Ellis, a *pro se* prisoner, filed an amended complaint describing events which occurred at the Westville Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Around noon on November 22, 2013, Ellis threw feces out of his cell onto the range. In response, Ellis alleges that Sergeant Myers, Sergeant Sexton, and Officer Backus made him strip to his boxer shorts before placing him in a very cold cell exposed to outside wind from approximately noon to 3:00 p.m. on November 22, 2013. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities,

and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Though the exact temperature in the room is not known, these allegations state a claim that the cell was so cold that his placement there (even though for only three hours) was sufficiently painful to violate the Eighth Amendment.

Ellis alleges that when he was removed from the very cold cell at about 3:00 p.m., Sergeant Myers and Sergeant Sexton picked him up and slammed the top of his head into a mattress. He alleges that they also repeatedly struck him with their elbows and knees. He alleges that Sergeant Myers over tightened his handcuffs and leg irons. He alleges that Officer Backus kicked him. Then he alleges that Sergeant Myers restrained him so restrictively that he was in pain while he walked to his cell. It is unclear what Ellis was doing and whether the defendants were responding to his disruptive behavior. Nevertheless, even "[w]here a prison security measure is undertaken to resolve a disturbance . . . the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (quotation marks and citation omitted). These allegations state a claim that Sergeant Myers, Sergeant Sexton, and Officer Backus used excessive force against him in violation of the Eighth Amendment.

Ellis alleges that when Sergeant Myers placed him in his cell, he asked to see a nurse to treat the injuries he sustained, but Sergeant Myers refused. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is serious if it is one that a physician

2

has diagnosed as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). These allegations state a claim that Sergeant Myers denied him medical treatment.

Ellis alleges that after yelling for help for 20 to 30 minutes, Nurse Lukac came to the cell, but refused to provide him any medical treatment. He alleges that Nurse Lukac falsely claimed that he refused treatment. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). These allegations sufficiently state a claim that Nurse Lukac lied about his refusal of medical treatment to avoid providing him with needed medical care in violation of the Eighth Amendment.

These are the claims on which Ellis may proceed. However that are two other defendants listed against whom he may not proceed. Ellis alleges that Lt. Cain refused to allow him to shower on the evening of November 22, 2013. Though Ellis has clearly alleged that he was injured and in pain, he has not provided any explanation for why he needed a shower or how preventing him from showering that evening deprived him of the minimal civilized measures of life's necessities. Therefore this does not state a claim. In addition Ellis alleges that Lt. Cain said that he could not clean up his feces that was smeared in his cell. However, despite that statement, another officer promptly gave Ellis a bar of soap and toilet paper with which he cleaned up the feces. Thus Lt.

Cain's statement, like many other rude or inappropriate statements alleged in the complaint, are merely simple verbal harassment which does not state a claim. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). As for Nurse Moore, Ellis makes no mention of her having done (or not done) anything. There is simply no mention of her other than the inclusion of her name in the list of defendants. Therefore both Lt. Cain and Nurse Moore will be dismissed.

For the foregoing reasons, the court:

(1) **GRANTS** Demajio Jerome Ellis leave to proceed against Sergeant Myers, Sergeant Sexton, and Officer Backus in their individual capacities for compensatory and punitive damages for placing him in a freezing cold cell wearing only boxer shorts for three hours on November 22, 2013, in violation of the Eighth Amendment;

(2) **GRANTS** Demajio Jerome Ellis leave to proceed against Sergeant Myers, Sergeant Sexton, and Officer Backus in their individual capacities for compensatory and punitive damages for using excessive force against him around 3:00 p.m. on November 22, 2013, in violation of the Eighth Amendment;

(3) **GRANTS** Demajio Jerome Ellis leave to proceed against Sergeant Myers in his individual capacity for compensatory and punitive damages for denying him medical treatment around 3:00 p.m. on November 22, 2013, in violation of the Eighth Amendment;

(4) **GRANTS** Demajio Jerome Ellis leave to proceed against Nurse Lukac in her individual capacity for compensatory and punitive damages for denying him medical treatment around 3:30 p.m. on November 22, 2013, in violation of the Eighth Amendment;

(5) **DISMISSES** all other claims;

(6) **DISMISSES** Nurse Moore and Lt. Cain;

(7) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Sergeant Myers, Sergeant Sexton, Officer Backus, and Nurse Lukac to the United States Marshals Service along with a copy of the complaint and this order;

(8) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sergeant Myers, Sergeant Sexton, Officer Backus, and Nurse Lukac; and

(9) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sergeant Myers, Sergeant Sexton, Officer Backus, and Nurse Lukac respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

ENTERED: August 1, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court