# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DEMAJIO JEROME ELLIS,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | )    CAUSE NO.: 3:14-CV-1575-JD-JEM |
| | ) |
| SERGEANT MYERS, *et al.*,<br>　　　Defendants. | )<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on the parties' briefs regarding attorney fees following a motion to compel filed by Defendant Tawnya Lukac, LPN. Subsequent to Defendant Lukac's filing of her motion to compel discovery responses, Plaintiff produced the requested discovery. Accordingly, on April 4, 2018, the Court issued an Order denying the motion as moot and ordering Defendant to submit her accounting of fees and costs in accordance with Rule 37(a)(5). On April 18, 2018, Defendant Lukac filed an itemization requesting $795.50 in attorney's fees. Plaintiff filed a response on May 3, 2018.

Rule 37(a)(5)(A) provides that, if a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion is filed—the court must, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain" the requested discovery, "the opposing party's nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Plaintiff produced the requested discovery only after the motion to compel was granted, so it is up to Plaintiff to demonstrate that the delay in responding was substantially justified or that other circumstances make an award of attorneys' fees unjust. Plaintiff, who is incarcerated, has pursued his case with the assistance of court-appointed counsel. After Plaintiff's first attorney withdrew due to medical issues, attorney Thomas Vetne agreed to accept the appointment in August 2017. By then the requested discovery responses were already more than a year overdue.

In his response to the fee petition, Attorney Vetne explains that Plaintiff's transfer from one facility to another and subsequent congestion in Attorney Vetne's trial calendar made it difficult for him to timely meet with his client to prepare discovery responses. The Court recognizes that Defendant Lukac was entitled to the requested discovery and lauds the forbearance of counsel for Lukac, who waited a full nineteen months after propounding her discovery requests before resorting to filing the motion to compel. However, the documents have now been provided, and the relatively short period of time that it took for Attorney Vetne to become familiar with the case, meet with his client in complicated circumstances, and compile the requested discovery, all at the behest of the Court as a *pro bono* concern, leads that Court to conclude that requiring him – or his incarcerated client – to pay expenses would be unjust.

For the foregoing reasons, the Court hereby **DENIES** the request contained within Defendant Nurse Lukac's Itemization of Costs and Fees Incurred to Bring Motion to Compel [DE 148].

SO ORDERED this 10th day of July, 2018.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record